The slaves in controversy, in the year 1823, belonged to eight persons by the name of Wilson, as tenants in common. Four of the tenants were infants, and Willis Wilson, Sr., was their guardian. All the tenants in common petitioned the county court of Camden, under the act of Assembly, 1 Rev. Stat., ch. 85, sec. 19, for a sale of the slaves for the purpose of division. The court granted an order that the petitioners might sell the slaves at six months credit; and in pursuance thereof the sale was made, when one William Bartlett became the purchaser of them at the price of $227. The petitioners executed to Bartlett, in due form, a bill of sale for the slaves, and a short time thereafter he conveyed them to Willis Wilson, Sr., the guardian of the infant petitioners. Bartlett bought the slaves at the sale for the benefit of Willis Wilson, Sr., who paid the purchase money. Wilson held possession of them during his life, and all that time continued to be the guardian of the infant petitioners. By his will Wilson bequeathed the slaves to the plaintiff, whose guardian took them and hired them out. The defendant, who was one of the petitioners and joined in the execution of the bill of sale to Barlett, became administrator to one of the infant petitioners who died, and guardian to one of them. He got possession of the slaves and on demand refused to deliver them to the plaintiff. On this statement of facts his Honor charged the jury that the plaintiff was entitled to recover. There was a verdict and judgment for the plaintiff, and the defendant appealed.
The defendant insists that the nominal purchase by Bartlett for the benefit of the guardian of the infant petitioners, was, in law, void, and that the plaintiff having only the title of the adult petitioners, was now only tenant in common with the infants, and could not maintain an action of detinue against him, their guardian and representative. If the sale to Bartlett was void in law the ground taken by the defendant would be correct. But we are of the opinion that in a court of law the sale under the circumstances stated was not void. Jackson ex dem. of Coldin v.Walsh, 14 John Rep., 406, is a case in which the Court decided that a deed similar in its character to the one now before us was not void at law. The case is as follows: C. Coldin made his will, which contained a power by which his executor was authorized to sell all or any part of his lands, for certain purposes. The executor, under the power, exposed a lot of land to sale to the highest bidder at public auction; Dubois became the purchaser for the consideration of $141, and the executor executed to him a deed for the land. On the same day Dubois reconveyed the premises to the executor. After this the heir at law of the testator brought an action of ejectment to recover the land thus sold. Walsh, the defendant, claimed under the deed made as aforesaid, to and from Dubois. The Court, in delivering its opinion, say: It is not denied on the part of the plaintiff but that a regular paper title was made out, under this will, down to the defendant. It appears, however, that the executor conveyed the premises in question to Dubois, who, on (387) the same day reconveyed them to the executor. It is contended that Dubois is a mere nominal purchaser, and the sale void, under the rule which prevails in the Court of Chancery, that a trustee or agent to sell shall not himself become the purchaser. It is unnecessary to go into an examination of the equity doctrine on this subject. No case is to be found where a Court of Law has pronounced such a deed absolutely void. The legal title undoubtedly passes, and the rules and principles which govern the Court of Chancery in such cases, show that it would be very unfit for a Court of Law to interfere and set aside such conveyances. Indeed, it is not the doctrine of a Court of Equity that such sales are,ipso jure, void, but that the trustee purchases subject to the equity of having the sale set aside, if the cestui que trust, in a reasonable time, chooses to say he is not satisfied with it. (All the law on this subject, governing Courts of Equity, may be found in the references made by Willis on Trustees, 163, 164.) There may be some dicta scattered in our N.C. Reports that such a conveyance might be avoided at law. But we are not aware of any express decision in our courts contrary to the one which the judge of the Superior Court made in this case. Wilson, the guardian, could not purchase of himself, because the *Page 309 
law requires that there should be two persons at least to make a contract. But we think that the sale to Bartlett and the reconveyance by him to the guardian of the infant tenants in common was not void, per se, at law. We ought not to hold it so unless compelled by authority, for the consequences of the doctrine would be injurious to purchasers without notice. And we think the judge did not err in telling the jury that the plaintiff at law was entitled to recover. The judgment must be affirmed.
PER CURIAM. Judgment affirmed.
Cited: Ford v. Blount, 25 N.C. 518.
(388)